IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00136-RBJ

WILMER ALAS HERRERA,

      Petitioner,

v.

JUAN BALTAZAR, ROBERT HAGAN,
KRISTI NOEM, TODD LYONS,
PAMELA BONDI,
in their official capacities,

      Respondents.

---

## ORDER

Before the Court are the Petitioner's Verified Petition for Writ of Habeas Corpus (Petition), ECF No. 1, and Motion for Temporary Restraining Order and/or Preliminary Injunction (Motion), ECF No. 3. The Court GRANTS IN PART the motion for a temporary restraining order.

### Background

Petitioner, a native and citizen of El Salvador, has lived continuously in the United States since 2016. ECF No. 1 at ¶ 2. He lives with his wife and three minor children, the youngest of whom is a United States citizen, in Boulder, Colorado. *Id.* at ¶ 24.

1

Petitioner previously attempted to enter the United States unlawfully and was given an expedited order of removal. *Id.* at ¶ 23. Upon his most recent entry, on November 5, 2016, that order was reinstated. *Id.* However, he was released under an order of supervision (OSUP). *Id.* For nearly nine years, Petitioner remained at liberty under the terms of his OSUP agreement, checking in with U.S. Immigration and Customs Enforcement (ICE) as required. *Id.* at ¶¶ 24-26.

Meanwhile, in 2022, an Immigration Judge denied Petitioner's application for withholding of removal. *Id.* at ¶ 2. Petitioner filed a timely appeal with the Board of Immigration Appeals, and his appeal remains pending. *Id.*

On October 6, 2025, Petitioner was detained during a routine check-in with ICE. *Id.* at ¶ 3. He was taken to the ICE detention facility in Aurora, Colorado, where he remains in custody. *Id.* at ¶ 5. Neither Petitioner nor his attorney have been provided with an explanation by ICE for his re-detention. *Id.* On November 11, 2025, Petitioner was provided with a "Notice to Alien of File Custody Review" pursuant to 8 U.S.C. § 1231(a), indicating that ICE would conduct a review of his custody on January 3, 2026. *Id.* at ¶ 22. Through his attorney, Petitioner submitted documents to ICE in support of his release. *Id.* However, neither Petitioner nor his attorney have received any further information about his custody review, including whether it took place and, if so, whether release was denied and the basis for any such denial. *Id.*

**Analysis**

Petitioner argues that his re-incarceration and continued detention violate substantive and procedural due process, ICE's binding regulations, and the Administrative Procedure Act.  ECF No. 1 at ¶¶ 73-98; ECF No. 3 at 8-18.  In his Petition and subsequently filed Motion, Petitioner requests this Court: (1) enjoin his transfer from the District of Colorado pending the resolution of this case; (2) declare that his continued detention is unlawful; (3) direct ICE to immediately release him "on his own recognizance or under reasonable conditions of supervision"; (4) award reasonable attorney's fees and costs; and (5) grant any other just and proper relief. ECF No. 1 at 23; ECF No. 3.

A court presented with an *ex parte* emergency request for a temporary restraining order (TRO) pursuant to Federal Rule of Civil Procedure 65 is authorized to issue a TRO to avoid "immediate and irreparable injury."  Fed. R. Civ. P. 65(b)(1)(A).  The basic purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm" before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).  TROs are—by definition—temporary: a TRO issued on an *ex parte* basis lasts no more than 14 days (unless the issuing court extends it "for good cause … for a like period or the adverse party consents to

3

a longer extension"). *See* Fed. R. Civ. P. 65(b)(2). Moreover, when a court issues an *ex parte* TRO, the adverse party may appear on two days' notice—or on a shorter notice set by the court—and move to dissolve or modify the TRO. *See* Fed. R. Civ. P. 65(b)(4).

Petitioner presented sufficient evidence to indicate that, absent court intervention, Respondents are unlikely to release him. ECF No. 1 at ¶¶ 32-38; ECF No. 3 at 3-5. The Government is constitutionally obligated to provide due process. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process).

To protect the status quo and preserve this Court's jurisdiction, the Court enters this TRO to the extent that Respondents are hereby enjoined from removing Petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order. *See* 28 U.S.C. § 1651(a); *see also Cervantes Arredondo v. Baltazar et al.*, 1:25-cv-03040-RBJ (D. Colo. Oct. 8, 2025) (ECF No. 11); *Pineda v. Baltasar et al.*, 1:25-cv-02955-

GPG-TPO (D. Colo. Sept. 25, 2025) (ECF No. 10). The Court expresses no opinion at this time as to the merits of the pending Petition and Motion and does not rule on any of the other relief Petitioner seeks, such as ordering his release.

To the extent they have not yet done so, no later than Wednesday, January 14, 2026, Petitioner's counsel is directed to (1) serve Respondents with a copy of the Petition, Motion, and accompanying papers, along with a copy of this Order, by e-mail and by overnight mail; and (2) promptly file proof of such service on the docket. Within fourteen days of service, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted and the Petitioner released from custody. *See Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)); *Cortes, v. Noem,* No. 1:25-CV-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025).

It is SO ORDERED.

Dated: January 13, 2025          BY THE COURT:

_____

R. Brooke Jackson

Senior United States District Court Judge